United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MORELAND APARTMENTS ASSOCIATES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LP EQUITY LLC,<br><br>Defendant. | Case No. 5:19-cv-00744-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO FILE PARTS OF ITS MOTION TO DISMISS UNDER SEAL**<br><br>Re: Dkt. Nos. 27, 29 |

Plaintiffs Moreland Apartments Associates, Seaside Apartments Associates, and San Jose Apartments Associates allege that Defendant LP Equity misappropriated trade secrets, engaged in unfair competition, and intentionally interfered with contractual relations. *See* First Amended Complaint ("FAC"), Dkt. 25. The Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Having considered the Parties' papers, Defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

Plaintiffs are limited partnerships formed in the 1980s to acquire real property in California and to "construct, own, hold, lease, and operate" apartment projects. FAC ¶¶ 9–11. Defendant purchases limited partnership interests. *Id.*, Ex. A.

In 2015, Defendant began soliciting some of Plaintiffs' limited partners, asking if they would be interested in selling their limited partnership interest. *Id.* ¶ 12; *Id.*, Ex. A. As Exhibit A

shows, the letters requested that the limited partner, if interested in selling their interest, send a K-1 form to Defendant. *Id.* ¶ 11; *Id.*, Ex. A. Defendant specifically requested that interested limited partners "black out or remove [their] social security number on the K-1" form before mailing it to Defendant. *Id.*, Ex. A. Allegedly, many of the limited partners are elderly, unsophisticated investors who are "ignorant of the[ir] investment, its value, and the tax implications associated with a sale of the security." *Id.* ¶ 19. Plaintiffs contend that Defendant's solicitation was "aggressive [and] predatory." *Id.* ¶¶ 12, 17.[1]

Plaintiffs further allege that Defendant solicited limited partners in a manner that violated the partnership terms. *Id.* ¶ 22. The transfer of a limited partnership interest requires written approval of the general partners. *Id.* Despite knowing this, Defendant only solicited the limited partners to evade the terms of the limited partnership agreement and to coerce the limited partners to breach their contract with Moreland. *Id.*

Plaintiffs contend that Defendant obtained the identities and personal information, *i.e.*, home addresses, home and cellular phone numbers, and social security numbers, of Plaintiffs' limited partners through improper means. *Id.* ¶ 23. Plaintiffs argue that this information constitutes trade secrets. *Id.* ¶¶ 25–26. Plaintiffs further allege that Defendant engaged in malicious acts to purchase the limited partners' interests and that Defendant's solicitations were misleading. *Id.* ¶ 45. Lastly, Plaintiffs argue that Defendant intentionally disrupted the performance of Plaintiffs' limited partners under the partnership agreement. *Id.* ¶ 53.

**B. Procedural History**

On May 21, 2019, Plaintiffs filed their First Amended Complaint. *See generally* FAC. Defendant filed a Motion to Dismiss Plaintiffs' First Amended Complaint on June 4, 2019.

---

[1] Plaintiffs contend in their Opposition that Defendant also engaged in "multiple telephone calls and correspondence to these limited partners to obtain their K1 tax forms." Moreland Apartments Associates et al.'s Opposition to Defendant's Motion to Dismiss ("Opp."), Dkt. 30. The First Amended Complaint, however, does not allege that Defendant called limited partners. *See generally* FAC.

Case No.: 5:19-cv-00744-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO FILE PARTS OF ITS MOTION TO DISMISS UNDER SEAL

2

1  Defendant's Motion to Dismiss ("Mot."), Dkt. 29. On June 17, 2019, Plaintiffs filed an

2  opposition. Moreland Apartments Associates et al.'s Opposition to Defendant's Motion to

3  Dismiss ("Opp."), Dkt. 30. Defendant filed its reply on June 24, 2019. Reply in Support of

4  Defendant's Motion to Dismiss ("Reply"), Dkt. 31. Defendant also filed a motion to seal. *See*

5  Administrative Motion to File Under Seal Documents in Support of Its Motion to Dismiss("Admin

6  Mot."), Dkt. 27.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Federal Rule of Civil Procedure 8(a)(2)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The requirement that the court must "accept as true" all allegations in the complaint is "inapplicable to legal conclusions." *Id.* "[F]ormulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions, without more, give rise to "unwarranted inferences . . . insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (quotation marks and citation omitted).

Dismissal can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When a claim or portion of a claim is precluded as a matter of law, that claim may be dismissed pursuant to Rule 12(b). *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010) (discussing Rule 12(f) and noting that 12(b)(6), unlike Rule 12(f), provides defendants a mechanism to challenge the legal sufficiency of complaints).

## III. DISCUSSION

### A. Misappropriation of Trade Secrets

Plaintiffs allege two theories to support their misappropriation of trade secrets claim: (1)

Case No.: 5:19-cv-00744-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; ORDER DENYING IN PART
AND GRANTING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO FILE PARTS
OF ITS MOTION TO DISMISS UNDER SEAL

3

they base their first claim for relief in the Defend Trade Secrets Act ("DTSA"), see 18 U.S.C. § 1836, and (2) they base second claim for relief in the California Uniform Trade Secrets Act ("CUTSA"), see Cal. Civ. Code § 3426.[2] FAC ¶¶ 24–43. For purposes of a motion to dismiss, "the elements of CUTSA and DTSA claims are substantially the same." *Genentech, Inc. v. JHL Biotech, Inc.*, 2019 WL 1045911, at *10 (N.D. Cal. Mar. 5, 2019).

To state a claim for misappropriation of trade secrets, a plaintiff must allege that: "(1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff." *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015). A protectable "trade secret" means "all forms and types of financial, business, scientific, technical, economic, or engineering information" that (1) derives independent economic value, actual or potential, from <u>not being generally known</u> to competitors or the general public and (2) is subject to <u>reasonable measures to maintain its secrecy</u>. Cal. Civ. Code § 3426.1; 18 U.S.C. § 1839(3).

Information that is "readily obtainable through public sources" is not a trade secret because it cannot derive independent economic value. *See Experian Info. Sols., Inc. v. Nationwide Mktg. Servs. Inc.*, 893 F.3d 1176, 1188 (9th Cir. 2018) ("The subject matter of trade secrets 'must be sufficiently novel, unique, or original that it is not readily ascertainable to competitors.' Arizona courts have considered customer lists and have held that a trade secret cannot ordinarily consist of matters of public knowledge." (citation omitted)); *Nextdoor.com, Inc. v. Abhyanker*, 2014 WL 1648473, at *4 (N.D. Cal. Apr. 23, 2014) ("Information that is generally known to the public or in an industry lacks the requisite secrecy. Information that an individual discloses to others who are under no obligation to protect its confidentiality also lacks secrecy. A disclosure need not be widespread to defeat trade secret protection; it is defeated if no reasonable effort was made to

---

[2] Plaintiffs allege that this Court has federal-question jurisdiction over Plaintiffs' federal trade secret claim and supplemental jurisdiction over the related state law claims. FAC ¶ 1. In the alternative, Plaintiffs allege this Court has diversity jurisdiction. *Id.* Defendants do not dispute this, and the Court sees no reason to reject Plaintiffs' jurisdictional contentions.

maintain secrecy.").

Defendant argues that the names of the limited partners are not trade secrets because they are publicly available. The Court agrees. The list of Plaintiffs' limited partners' names is not a protectable trade secret pursuant to DTSA or CUSTA because, as Exhibits 1–5 show, all the limited partners names are "readily available through public sources." *Liberty Mut. Ins. Co. v. Gallagher & Co.*, 1994 WL 715613, at *5 (N.D. Cal. Dec. 19, 1994).[3] Exhibit 3 lists the names of Moreland Apartment Associates' limited partners. Exhibit 4 lists the names of Seaside Apartment Associates' limited partners. Finally, Exhibit 5 lists the names of the San Jose Apartment Associates' limited partners and is publicly available to anyone online. The disclosed names of Plaintiffs' limited partners cannot constitute trade secrets. *See Memry Corp. v. Ky. Oil Tech., N.V.*, 2006 WL 3734384, at *4 (N.D. Cal. Dec. 18, 2006) ("In light of the requirement of secrecy, it is clear that an unprotected disclosure of a trade secret terminates its existence.").

Defendant next argues that the limited partners' phone numbers and addresses are not trade secrets because they are publicly available. The Court agrees. Defendant asks this Court to take

---

[3] Defendant asks this Court to take judicial notice of Exhibits 1–5. The Court may take judicial notice of facts not subject to reasonable dispute because its accuracy can be readily determined from sources whose authenticity cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Exhibits 1, 2, and 5 are publicly available on government websites and are thus subject to judicial notice. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (taking judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies" (quotation marks and citation omitted) (alteration in original)). Exhibits 3 and 4 are available for public viewing in the Santa Clara County Recorder's Office and the Santa Cruz County Recorder's Office (respectively). "Under Federal Rule of Evidence 201(b), publicly-recorded real estate instruments and notices are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute." *Mulhall v. Wells Fargo Bank, N.A.*, 241 F. Supp. 3d 1046, 1050 (N.D. Cal. 2017) (taking judicial notice of official records recorded in the San Mateo County Recorder's Office); *Corral v. Select Portfolio Servicing, Inc.*, 2014 WL 3900023, at *1 n.1 (N.D. Cal. Aug. 7, 2014) (taking judicial notice of various documents recorded in the Alameda County Recorder's Office). Exhibits 3 and 4 are publicly-recorded documents, filed at county recorder officers, and are thus subject to judicial notice. Accordingly, the Court **GRANTS** Defendant's requests for judicial notice. Because this information is publicly available, it is no longer confidential and thus Defendant's administrative motion to file portions of its motion to dismiss under seal is **DENIED.** *See Space Data Corp. v. Alphabet Inc.*, 2019 WL 2305278, at *1 (N.D. Cal. May 30, 2019) ("When considering a sealing request, a strong presumption in favor of access is the starting point.").

judicial notice of the fact that the telephone numbers and addresses of the limited partners are readily available in the public domain. Mot. at 10 n.8. Publicly available online resources, like LexisNexis Public Records, permit subscribers to search millions of public records to locate individuals' addresses and other contact information, like phone numbers. *See* LEXISNEXIS, *LexisNexis Public Records*, https://www.lexisnexis.com/en-us/products/public-records.page#section-2 (last visited Dec. 2, 2019). The fact that Defendant "paid money to obtain Moreland's proprietary information" and used LexisNexis Public Records does not change the fact that Plaintiffs' limited partners' addresses and phone numbers were already publicly disclosed. Opp. at 4, 7; *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166–67 (S.D.N.Y. 2015) ("With respect to the LexisNexis database search, it is publicly available, and case law supports taking judicial notice of it.").

Defendant contends it used LexisNexis Public Records, White Pages online, and other publicly available online resources to identify the address and phone numbers of Plaintiffs' limited partners. Declaration of Adam McNutt ("McNutt Decl.") ¶ 11, Dkt. 29-1. Plaintiffs rebut this by pointing this Court toward Paragraph 23 of the First Amended Complaint, which summarily alleges Defendant used "improper means" to determine the limited partners' personal information. FAC ¶ 23; *cf. Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (noting that legal conclusions alone are "insufficient to avoid a Rule 12(b)(6) dismissal"). The Court need not give weight to Plaintiffs' conclusory contention that Defendant used "improper means" to learn the limited partners' addresses and phone numbers. Moreover, on the public docket, filed with Plaintiffs' initial Complaint, is an Exhibit. *See* Complaint, Ex. A, Dkt. 1. This Complaint includes the addresses of four limited partners (the supposed trade secrets). *Accord Memry Corp.*, 2006 WL 3734384, at *4 (unprotected disclosure of a trade secret terminates its existence). Accordingly, because the limited partners' addresses and numbers can be accessed on publicly available databases—see Exhibits 1–5 (including some of the limited partners addresses and phone numbers), the public docket for this case, and databases like LexisNexis—the names,

Case No.: 5:19-cv-00744-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO FILE PARTS OF ITS MOTION TO DISMISS UNDER SEAL

6

addresses, and phone numbers of the limited partners are not protectable trade secrets.

Third, Defendant contends that it did not receive the social security numbers of the limited partners. Mot. at 5, 16. The only social security numbers shown to be disclosed to Defendant are the ones publicly filed in Exhibits 3–5.[4] Further, the Court rejects Plaintiffs' conclusory allegations that Defendant used "improper means" to access limited partners' social security numbers. FAC ¶ 23. Such threadbare pleading is entitled no deference. *Ashcroft*, 556 U.S. at 678. Notably, the solicitation letter specifically instructed interested limited partners *not* to send their social security number with their K-1 form. *See* FAC, Ex. A; McNutt Decl. ¶ 14. The letters and email are thus devoid of any inclination that Defendant obtained *or* used improper means to obtain the limited partners' social security numbers and Plaintiffs do not provide any credible allegation to the contrary.

Lastly, the Court rejects Plaintiffs' arguments rebutting Defendant's motion to dismiss. First, to the extent a "zone of privacy" or "reasonable expectation of privacy" exists in trade secret law (the Court, like Defendant, are dubious such "privacy" terms are appropriate in the trade secret context), Plaintiffs have no such expectation of privacy in publicly available information. *See* Opp. at 6. Second, and relatedly, the issue in trade secret law is whether the information is *secret*, someone's expectation of privacy in that information is irrelevant. Hence, Plaintiffs' contention that the certificate of limited partnership was required to be filed with the California Secretary of State/the local county clerk is immaterial. Opp. at 8. Indeed, the fact that California required Exhibits 1–5 to be filed means the names and information therein cannot be a trade secret. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) ("Because of the intangible nature of a trade secret, the extent of the property right therein is defined by the extent to which the owner of the secret *protects his interest from disclosure to others*." (emphasis added)). The

---

[4] Due to the sensitive nature of this information, even though it is publicly available on the California Secretary of State Website, the Court instructs Defendant's to refile its Motion to Dismiss with unredacted exhibits, except as to the social security number which appears in Exhibits 3–5.

Case No.: 5:19-cv-00744-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO FILE PARTS OF ITS MOTION TO DISMISS UNDER SEAL

7

public filing of Exhibits 1–5 extinguished any trade secrets once contained within the documents. Likewise, Defendant's ability to access the limited partners' phone numbers and addresses on a database like LexisNexis, regardless of the cost, means the information on the database cannot be a trade secret as it is not *secret*. *See Liberty Mut. Ins. Co.*, 1994 WL 715613, at *4 (noting that information that is readily obtainable through public sources cannot "derive the independent economic value necessary" to qualify as a trade secret). Finally, Plaintiffs have alleged no facts from which this Court can infer Defendant obtained or improperly obtained the limited partners' social security numbers. Rather, the contrary seems to be shown. Accordingly, Defendant's motion to dismiss Plaintiffs' trade secret claim is **GRANTED.**

### B. Unfair Competition

Count III asserts a claim for unfair competition pursuant to California's Unfair Competition Law ("UCL"). California's UCL "broadly prohibits 'any unlawful, unfair, or fraudulent business act or practice.'" *Boschma v. Home Loan Ctr., Inc.*, 129 Cal. Rptr. 3d 874, 893 (Ct. App. 2011) (quoting Cal. Bus. & Prof. Code § 17200). To have statutory standing to pursue a UCL claim, a person "must have suffered injury in fact and [] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see also Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1127 (N.D. Cal. 2008) ("[T]o pursue either an individual or a representative claim under the California unfair competition law, a plaintiff must have suffered an injury in fact and lost money or property as a result of such unfair competition." (citation and quotation marks omitted)).

Plaintiffs rest their UCL claim on the contention that "Moreland's fiduciary duty compels it to protect and defend its limited partners from harassment." FAC ¶ 47. Assuming this is true, it still fails to show that Plaintiffs lost any money or property through the alleged harassment. *See Ruiz*, 540 F. Supp. 2d at 1127 (noting to show a UCL violation, the plaintiff must have suffered some economic harm). In rebuttal, Plaintiffs recite paragraph 47 of the FAC. *See* Opp. at 10. But this does not save their UCL claim—Plaintiffs simply reallege that they *will be* damaged if

Defendant "drains the assets of the partnership." FAC ¶ 47. An allegation that Plaintiffs and/or their limited partners *will* sustain financial harm from Defendant's predatory tactics fails to plead a UCL claim. A fear or risk of future loss, especially without any concrete showing that the loss will even occur, cannot show that Plaintiffs "lost money or property" as a result of Defendant's alleged unfair competition. Indeed, Plaintiffs have not, and cannot, allege that they have lost money or property because "Defendant has not . . . purchased an interest from Plaintiffs' limited partners." Reply at 9. Accordingly, because Plaintiffs have not shown an actual loss of money or property, Defendant's motion to dismiss Plaintiffs' UCL claim is **GRANTED.**

### C. Intentional Interference with Contractual Relations

Count IV asserts a claim for intentional interference with contractual relations. To state a claim for intentional interference with contractual relations under California law, Plaintiffs must show (1) a valid contract between Plaintiffs' and the limited partners; (2) Defendant's knowledge of this contract; (3) Defendant's intentional acts designed to induce breach of disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Codexis, Inc. v. Enzymeworks, Inc.*, 2016 WL 4241909, at *4 (N.D. Cal. Aug. 11, 2016) (citing *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 589–90 (Cal. 1990)).

Plaintiffs' allegations supporting its intentional interference claim are simply recitations of the elements comprising an intentional interference cause of action. *See* FAC ¶¶ 50–57 (alleging "Defendant knew that the partnership agreement restricted the transfer of said interests" but not alleging how Defendant knew). Such threadbare recitations cannot survive a Rule 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 678.

More notably, this Count suffers from the same fate as Count III. Plaintiffs never allege that Defendant *has* received any shares from a limited partner and so Plaintiffs cannot show the fifth factor listed above, *i.e.*, that they were damaged by any alleged intentional interference. Moreover, the partnership agreement does not explicitly forbid transferring partnership interests. To the contrary, it allows a limited partner to "sell, transfer, assign, encumber or otherwise

Case No.: 5:19-cv-00744-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO FILE PARTS OF ITS MOTION TO DISMISS UNDER SEAL

9

dispose" of their interest if the General Partners agree to such a transfer. *See* Opp. at 11–12 (citing agreements). Accordingly, because the contract between Plaintiffs and their limited partners was terminable upon notice and approval, "a claim for interference with the contract is improper as a mater of law" since no breach would have occurred had a limited partner agreed to sell their interest to Defendant. *See Transcription Commc'n Corp. v. John Muir Health*, 2009 WL 666943, at *9 (N.D. Cal. Mar. 13, 2009). Plaintiffs do not allege that Defendant advocated for limited partners to breach the contract by urging limited partners to sell the interest without approval from the general partners. Plaintiffs' intentional interference claim thus fails as a matter of law and Defendant's motion to dismiss this claim is **GRANTED.**

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** Defendant's administrative leave to file portions of its motion under seal. Defendant shall refile its motion to dismiss with unredacted exhibits, except as to the social security numbers listed in Exhibits 3, 4, 5.

When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court finds amendment would not be futile. Accordingly, Plaintiffs' trade secret (except as to the disclosed names and addresses available on this docket and in Exhibits 1–5), UCL claims, and intentional interference claims are dismissed with leave to amend. Plaintiffs may file an amended complaint by **January 7, 2020.** Plaintiffs may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: December 12, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-00744-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO FILE PARTS OF ITS MOTION TO DISMISS UNDER SEAL

10